[No. 2223.   Decided May 26, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES
EVERITT, *Appellant*.

CRIMINAL LAW — EXAMINATION OF JURY — WITNESSES ON INFORMATION
— MISSPELLING NAMES — CONTINUANCE.

Questions put to a juror in a criminal prosecution, which attempt
to ascertain in advance what he would think of the credibility of
defendant as a witness, considering his interest in the result, are
properly excluded.

The misspelling of the names of witnesses for the state as indorsed
upon the indictment, does not require the exclusion of their testi-
mony, where they testified at the preliminary examination and were
called and sworn in open court before the commencement of the
trial, as the only object of the statute requiring the indorsement of
the names of the state's witnesses upon the indictment is to guard
against surprise.

The overruling of a motion by defendant in a criminal prosecu-
tion for a continuance because of the misspelling of the names of
witnesses for the state as indorsed upon the indictment is not suffi-
cient to base error upon, in the absence of a showing that defendant
was surprised and misled.

Appeal from Superior Court, Spokane County.—
Hon. NORMAN BUCK, Judge.   Affirmed.

*Fenton & Saunders*, for appellant.

*J. W. Feighan*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

DUNBAR, J.—This is a cattle stealing case, and the
indictment to which objection is made by the appel-
lant is substantially like the indictment in the case of
*State of Washington v. Joseph Kyle, ante*, p. 550, a case
which has been recently decided by this court, so that
it will not be necessary to discuss the objections to the
indictment urged in this case for the reason that they
have been discussed and settled in opposition to the

views urged by the appellant in the case above mentioned, the indictment in that case having been held sufficient.

We think the court committed no error in relation to the objection to questions propounded by appellant to juror Gibson, and that the testimony admitted shows that Gibson was a competent juror, and we think there is no substance to appellant's fourth allegation of error.

The following questions asked the juror were objected to by the state and the objections sustained by the court. The sustaining of the objections alleged is error.

(1). "If the defendant should avail himself of the privilege of going on the stand and testifying in this case, could you, after considering the fact that he is the defendent in the case, his interest in the result and all the circumstances, give the testimony of the witness all the weight and credit the circumstance I have mentioned would justify?"

(2). "Should the defendant go on the witness stand as a witness in his own behalf, taking into consideration that he is the defendant, interested in the result of the trial, and all the circumstances surrounding the defendant, could you then go into the jury box and give to his testimony such weight and credit as it would be entitled to under all the circumstances?"

(3). "Would the fact that the defendant here is charged with stealing neat cattle, if he should go on the stand, in any way prejudice you against his testimony?"

The statute requires the court to instruct the jury that in case the defendant fails or refuses to testify as a witness in his own behalf, no inference of guilt shall arise against him. It must be presumed that the jury will obey this instruction of the court and the counsel

has no right to ask a juror in advance of the instruction which the law imposes upon the court as a duty to give, what the juror's opinion is concerning such instruction. The juror is not presumed to know the rules of criminal procedure nor what the legal effect of the conduct of the defendant on the trial will be. Information on this point is conveyed to him by the court. To the court he must look for instruction and by the court he must be guided in matters of this kind.

Again, as to the other phase of the question, when the defendant enters a witness stand he enters it under the same rules and on the same footing as any other witness, and he has no right to attempt to ascertain in advance what the jury may think of his credibility as a witness. All questions of this character would simply have a tendency to confuse and entrap jurors and render the selection of a legal juror almost impossible.

The objection to the constitutionality of the statute in relation to presumption of guilt arising from the possession of recently stolen property was disposed of in the case of *State v. Kyle, supra.*

It is alleged that the court erred in overruling the objection of appellant to the admission of testimony of J. W. Mullenix and Mrs. Frances Shearer for the reason that their names were not indorsed on the information before the cause began or at all, and that the court further erred in refusing to continue the case after the mistake was discovered. An inspection of the record in this case, however, convinces us that the appellants were not surprised,—that they had really had notice that these witnesses would testify, and that, as this court has frequently said, is the only object of the statute. There had been an attempt to

indorse the names of these two witnesses upon the indictment, but they had been wrongly spelled. They had, however, testified at the preliminary examination, and had both been called and sworn in open court before the commencement of the trial. Neither do we think that the mere motion to continue for such a reason without showing that the defendant had been surprised and misled is sufficient, if the motion is overruled, to base error upon. We have examined all the other errors alleged by the appellant including the instructions of the court and the instructions refused, and are satisfied that no substantial error was committed in the trial of the cause.

So far as the claim is concerned that the evidence on the part of the state is not sufficient to sustain the conviction, we are satisfied that there was sufficient testimony, at least if undisputed, to sustain the judgment, and that being so, this court will not interfere with the prerogative of the jury to weigh the testimony.

The judgment will therefore be affirmed.

HOYT, C. J., and SCOTT, J., concur.

ANDERS, J., dissents.